Mr. Justice Teacher
delivered the opinion of the court.
Clower filed his bill in chancery to obtain a decree of sale of land for the payment of a balance due upon certain notes which he claimed to have received as security for the purchase-money of the land. The object of the bill is to enforce an alleged vendor’s lien. The bill alleges that the land was originally contracted to be sold to Mary Ann Davis, now the wife of Joseph T. Copes, but that she became dissatisfied with the purchase, and transferred it to her mother, Acenath W. Avick. At this time Acenath W. Avick and Hiram G. Runnells were executrix and executor of the will of William L. Avick, the deceased husband of said Acenath, and they executed the notes in question in their individual names, the former as principal and the latter as security. About twenty-one months after the execution of the notes, Clower was induced, by the representations of Mrs. Avick, who proposed to obtain a loan of money from the Union Bank, then about to commence operations, by a mortgage of the land, and with a portion of the loan to pay the balance due upon the notes, to convey the land to said Copes and wife, who thereupon conveyed it by deed to Mrs. Avick. Upon the death of Mrs. Avick, which occurred at about a year after the conveyance, letters of administration, with her will annexed, were granted to Jackson C. Rawlings, and while he was proceeding with this trust, the children and heirs at law of said William, filed *127 their bill in chancery, alleging that the land conveyed to Mrs. Avick had been paid for, as far as payment had been made, with the proceeds of the estate of said William, and that it, of right, together with nearly all the property found in the possession of Mrs. Avick, at the period of her decease, belonged to them. The effect of this claim, if successful, would be to sweep away all resources to which Clower could apply for the collection of the balance due upon the notes, if also his alleged lien upon the^land were rejected as invalid. The bill likewise charges Runnells to have become insolvent; and that Copes, who has since obtained letters of administration de bonis non, with the will of William L. Avick annexed, now holds possession of the land as appertaining to the estate of said William L. Avick.
In a sale of real estate, payment constitutes a part of the contract, and therefore when the whole, or any portion of the purchase-money remains unpaid, it is a rule, derived from the Roman law, that the vendor has a lien upon the real estate sold, for the purchase-money remaining unpaid. This lien, which is a parcel of the contract itself, and constitutes the vendor’s privilege and security, subsists against the vendee, and his heirs, and against all others who take under him with notice. Brown v. Gilman, 4 Wheat. 256; Bayley v. Greenleaf, 7 Wheat. 46; Tompkins v. Mitchell, 2 Rand. 428; Mitf. Pl. 306. The lien may, however, be waived or relinquished; but the questions what shall amount to a waiver or relinquishment, and what shall amount to an express or tacit abandonment of the lien, are involved in some difficulty. The same is true of the inquiry how far the taking a distinct security for the purchase-money shall be held to be a waiver of the implied lien.
In the case of Hatcher's Administrator v. Hatcher's Executors, 1 Rand. 53, the purchaser of a tract of land, gave bonds with personal security for the purchase-money; but neither took a conveyance nor paid the money. It was there held that the vendor did not lose his lien upon the land, by having taken personal security. Upon the principle of this authority, so long as no conveyance was made by Clower to Mrs. Avick, *128 although he had received Runnells as her surety upon her note for the purchase-money, his equitable lien on the land may have subsisted; but when he executed the conveyance to Copes and wife, he placed himself in an attitude of a different character.
The rule that where a party has carved out his own security, the law will not create another in aid, is of very early authority. Bond v. Kent, 2 Vern. R. 281. And although Lord Eldon, in Mackreth v. Symmons, 15 Vesey, 329, was inclined to doubt the full extent of this doctrine, and to hold that whether the taking of a distinct security will have the effect of waiving the implied lien, depended altogether upon the circumstances of each case, yet judge Story, in Gilman v. Brown et al. 1 Mason’s R. 212, in which casehe reviews to some extent Lord Eldon’s views in Mackreth v. Symmons, says that, on a careful examination of all the authorities, he could not find a single case, in which it has been held, if the vendor takes a personal collateral security, binding others as well as the vendee, as, for instance, a bond or note with a surety or an indorser, or a collateral security by way of pledge or mortgage, that under such circumstances a lien exists on the land itself. He adds, that looking to the principle, upon which the original doctrine of lien is established, he has no hesitation to declare, that taking the security of a third person for the purchase-money, ought to be held a complete waiver of any lien upon the land; and that, in a case standing upon such a fact, it would be very difficult to bring his mind to a different conclusion.
But testing this case according to the less strict rule, and giving consideration to its peculiar circumstances, and they amount to evidence of a manifest intention to rely no longer on the equitable lien subsisting on the land. After retaining the lien by withholding a deed of conveyance of the land for nearly two years, he consented to execute a deed of conveyance. This conveyance he was persuaded to make for the avowed purpose of enabling his vendee to raise money by a mortgage to the Union Bank, and thus to aid her to pay the balance due upon the purchase-money. Had he designed to retain the equitable lien upon the land, it might have continued such an incumbrance upon *129 the land as would have defeated the effort to obtain the loan to be secured by the mortgage, one of the objects of which loan was to raise money to liquidate the balance due upon the purchase-money. The conveyance was, therefore, an act evincing a determination to abandon the equitable lien, because it was an agreement to rely upon an express pledge of the land for the payment of the balance due upon the purchase-money.
By considering the case, however, according to the rule, the same result seems inevitable. The contract of sale was made with Mrs. Avick by transfer from Mrs. Davis, and the deed of conveyance was executed to her individually. It is not pretended that Mrs. Davis contracted or executed the deed to her as executrix. The notes given to secure the purchase-money were made in the individual names of Mrs. Avick and Runnells, and at the time the deed of conveyance was delivered, a considerable portion of the purchase-money had been paid. The delivery of the deed must be considered as a voluntary and complete waiver of any lien upon the land, and the vendor must look to his personal security.
Decree affirmed.